United States District Court
Southern District of Texas
**ENTERED**
March 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Charles Felix Bean,§§§<br>Petitioner,<br><br>v.<br><br>Lorie Davis,<br>Director, Texas Department<br>of Criminal Justice, Correctional<br>Institutions Division,<br>Respondent. | Civil Action H-19-4311 |

# Memorandum and Recommendation

Charles Felix Bean has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary case. (D.E. 1.) The court recommends that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

## 1. Background

According to the petition, Bean is serving a sentence in the Polunsky Unit of the Texas Department of Criminal Justice (TDCJ) for a 1998 aggravated robbery conviction. On August 14, 2019, he was found guilty of a disciplinary violation for threatening to inflict harm on another person and refusing or failing to obey orders.[1] (D.E. 1 at 5.) As punishment, Bean lost 365 days of good-time credit, his line class

---

[1] Bean's petition states that he was found guilty of "Offense Codes: 0.40 – 24.0." (D.E. 1 at 5.) The court understands Bean's statement to mean that he violated TDCJ offense codes 4.0 (threatening to inflict harm, physical or otherwise, on another person who is not an offender) and 24.0 (Refusing or failing to obey orders). TDCJ Correctional Institutions Div., *Disciplinary Rules and Procedures for Offenders*, Attach. A (August 2019), https://www.tdcj.texas.gov/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf.

was reduced from S4 to Line 2, and his security status was changed from G2 to G4. *Id.*

### 2. Analysis

Federal habeas relief is not available "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (internal quotations omitted). In the context of an inmate's challenge to a prison disciplinary proceeding, "the Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). The proper focus is on whether the punishment imposed implicates any liberty interests protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (holding that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause"); *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007).

Bean had no cognizable liberty interest in his good-time credits. "[A]n action that 'inevitably affect[s] the duration of [a] sentence' might violate a liberty interest created by statute." *Richardson*, 501 F.3d at 419 (citing *Sandin*, 515 U.S. at 487). In Texas, a prisoner may have a liberty interest in his good-time credits only if he is eligible for release on mandatory supervision. *See Malchi*, 211 F.3d at 957–58. If the prisoner is not eligible for release on mandatory supervision, he can only apply his good-time credits toward eligibility for parole. Tex. Gov't Code Ann. § 498.003. There is no constitutional expectancy of parole in Texas because "it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole." *Madison*, 104 F.3d at 768. It follows that the prisoner who is not eligible for release on mandatory supervision has no constitutionally protected interest in his good-time credits. *Id.* Bean states that he is not eligible for mandatory supervision. (D.E. 1 at 5.) Bean was convicted of a violation of Tex. Pen. Code § 29.03 for aggravated robbery. Pursuant to Tex. Gov't Code § 508.149(a)(12)

(1998), he is not eligible for release on mandatory supervision. Thus, Bean's loss of good-time credit did not implicate any constitutionally protected liberty interest.

The change in Bean's security classification is merely a change in the conditions of his confinement, which is "not 'the type of atypical, significant deprivation' that would be actionable." *See Mader v. Thaler*, No. CIV.A. H-11-3807, 2011 WL 5509483, at *2 (S.D. Tex. Nov. 10, 2011) (citing *Madison*, 104 F.3d at 768); *see also Turner v. Johnson*, 46 F. Supp. 2d 655, 665 (S.D. Tex. 1999) (collecting cases). Likewise, Bean's line-class status does not constitute a constitutionally protected interest. Even inmates eligible for mandatory supervision may not ultimately earn the full measure of good-time credit available at a higher time-earning status, and thus there is no constitutionally protected right to be in any particular time-earning class. *Malchi*, 211 F.3d at 959.

Bean has not established that the punishment he received for the disciplinary charge deprived him of a constitutionally protected liberty interest. Habeas relief is not available.

3. Conclusion

The court recommends that Bean's petition for writ of habeas corpus be denied with prejudice because he has not established a constitutional violation. Because reasonable jurists would not find the court's assessment of Bean's claims debatable or wrong, the court recommends that a certificate of appealability not be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March 2, 2020.

_____
Peter Bray
United States Magistrate Judge